UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY LEE WILSON,

    Plaintiff,

v.                                      Case No. 3:17-cv-1045-J-34MCR

A. HINTON, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Order of Injunctions on Law Enforcement Officers, Notice of Filing Restraining Order Against the Defendants, and Notice of Order of Removal, (Doc. 19; Notice) filed by Plaintiff pro se on November 21, 2017. In this action, Plaintiff alleges that the Defendants, officers of the Jacksonville Sheriff's Office, subjected him to sexual brutality, sexual harassment, and police brutality. See Doc. 2, filed on September 5, 2017 (Complaint). In the Notice, Plaintiff appears to seek a restraining order against the Defendants "not to come within . . . 100 feet" of Plaintiff, and an injunction for the Defendants' "suspension or removal" while the Sheriff's Office conducts an internal investigation of Plaintiff's alleged injuries. Notice at 2-3.

However, to the extent Plaintiff requests such relief, his request is due to be denied as he has failed to comply with the procedural prerequisites for obtaining this relief. If Plaintiff does intend to seek the entry of a temporary restraining order or preliminary injunction, he must file a motion which complies with the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Local Rules 4.05 and 4.06, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of

preliminary injunctions and temporary restraining orders.

As stated above, a request for a temporary restraining order or preliminary injunction must be made by separate motion. See Local Rules 4.05(b)(1), 4.06(b)(1). With respect to a request for a temporary restraining order, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."  In addition, Local Rule 4.05(b)(3) requires that the motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum.  The legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.  See Local Rule 4.05(b)(4).

To the extent Plaintiff seeks a preliminary injunction, Rule 65(a)(1) states that the Court may issue a preliminary injunction only on notice to the opposing party.  Likewise, Local Rule 4.06(a) dictates that notice must be given at least fourteen days in advance of a hearing on the matter.  See Local Rule 4.06(a).  Moreover, Local Rule 4.06(b) requires

the party applying for a preliminary injunction to comply with the same procedural requirements set forth in Local Rule 4.05(b), discussed above. See Local Rule 4.06(b)(1).

Because Plaintiff has failed to comply with these requirements, his current request for the entry of a preliminary injunction or a temporary restraining order is due to be denied. If Plaintiff elects to file a motion requesting such relief, he should review and comply with all requirements of the Rules and the Local Rules of this Court.

In light of the foregoing, it is **ORDERED:**

To the extent Plaintiff requests the entry of a preliminary injunction or temporary restraining order in his Order of Injunctions on Law Enforcement Officers, Notice of Filing Restraining Order Against the Defendants, and Notice of Order of Removal, (Doc. 19), this request is **DENIED without prejudice** to Plaintiff filing an appropriate motion.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of November, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record
Pro Se Parties