# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

HARRY LEE WILSON,

    Plaintiff,

v.                                  Case No. 3:17-cv-1045-J-34MCR

A. HINTON, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on consideration of Defendants' Motion to Dismiss (Motion, Doc. 3), filed September 17, 2017, and Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss (Supporting Memorandum, Doc. 9), filed September 19, 2017. In the Motion and Supporting Memorandum, Defendants, Jacksonville Sheriff Officers A. Hinton, T.D. Yorkton, T.L. Batrous, and Detective Medlock (Jacksonville Officers), seek dismissal of Harry L. Wilson's pro se Complaint against them (Complaint, Doc. 2). In his Complaint, Wilson broadly alleges that the Jacksonville Officers subjected him to sexual brutality, sexual harassment, and police brutality. See Complaint at 1-2. In their Motion, the Jacksonville Officers contend that Wilson's complaint is due to be dismissed as it represents a shotgun pleading, fails to state a claim upon which relief can be granted, and that the Jacksonville Officers are immune from suit under both state and federal law. Motion to Dismiss at 1-2. Wilson filed a response the Jacksonville Officer's Motion (Response, Doc. 28), on January 19, 2018, generally asserting that his case should proceed. Upon review of the parties' filings and the relevant law, the Court

determines that Wilson's Complaint should be stricken and he should be given the opportunity to replead.

While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still be required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (Rule(s)). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Similarly, Rule 10(b) provides, in pertinent part:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Rule 10(b). See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated

any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., No. 09-16029, 2010 WL 5158201, at * 1 (11th Cir. Dec. 20, 2010) (unpublished opinion) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

The Eleventh Circuit has been explicit in expressing its displeasure of "shotgun pleadings." See e.g., Weiland v. Palm Beach County Sherriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (noting "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight"); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases); Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997) (deeming shotgun pleadings "altogether unacceptable"). As relevant here, a shotgun pleading can be characterized as containing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," Weiland, 792 F.3d at

1322, n.12 (collecting cases), or where the complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id., n.14 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Wilson's Complaint fails to comply with Rules 8 and 10, and is properly characterized as a shotgun pleading. Wilson titled his two-page handwritten Complaint "Conspiracy," and implies that the Jacksonville Officers conspired to injure him with "sexual brutality, sexual harassment, and police brutality." Complaint at 1. Wilson also suggests that in his encounter with and arrest by the officers, which allegedly led to the assault and harassment claims that are the subject of the Complaint, the Jacksonville Officers did not provide him with Miranda warnings. Id. at 2. However, in his Complaint, Wilson does not reference any law, statute, or identify the particular elements of the claims for which he is seeking relief. Nor does he set out allegations to support the elements for his potential

claims for relief.  Snow, 450 F.3d at 1320.  As such, Wilson's complaint is properly characterized as a shotgun pleading that must be stricken.  In light of this determination, the Court will give Wilson the opportunity to file a proper amended complaint.[1]

To assist unrepresented parties such as Wilson, the Court has added a section to its website designed to help pro se litigants, with a link entitled "Proceeding Without a Lawyer," which Wilson may access at the following address: http://www.flmd.uscourts.gov/pro_se/  There, Wilson will find an overview of the litigation process, a copy of the Local Rules, and instructions and an online tool which Wilson may be used (but is not required to do so) for drafting a proper complaint.  Wilson will find a copy of the Federal Rules of Civil Procedure in the federal and state courthouses' public law libraries.  Additionally, the Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 am to 12:30 p.m. on the 9th floor of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202.  Through that program, unrepresented litigants may obtain information from a lawyer on a limited basis for free.  More information about the program is available on the Court's website at www.flmd.uscourts.gov/pro_se/docs/pro-seLegal_Assist.htm.  Wilson is nonetheless cautioned that upon reviewing his subsequent pleadings, the Court will not rewrite his Complaint, or any amended complaint, to find a claim. See Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

---

[1] The Eleventh Circuit has directed that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) overruled in part, by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 542 (11th Cir. 2002) (en banc) (finding that leave to amend need not be given sua sponte where a plaintiff who is represented by counsel does not seek leave to amend). See also Carter v. HSBC Mort. Servs., Inc., 622 Fed. Appx. 783, 786 (11th Cir. 2015) (applying Bank v. Pitt to pro se plaintiff); Spear v. Nix, 215 Fed. Appx. 896, 902 (11th Cir. 2007) (same); Andela v. Univ. of Miami, 692 F. Supp. 2d 1356, 1377 n.5 (S.D. Fla. 2010) (same).

In light of the foregoing, it is **ORDERED:**

1. Plaintiff, Harry Lee Wilson's Complaint (Doc. 2), is **STRICKEN**.
2. Defendants A. Hinton, T.D. Yorkton, T.L. Batrous, and Detective Medlock's Motion to Dismiss (Doc. 3) and Memorandum of Law in Support (Doc. 9) are **DENIED without prejudice.**
3. Plaintiff shall file an amended complaint consistent with the directives of this Order, on or before March 13, 2018. Failure to do so may result in dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of February, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record
Pro Se Parties

- 6 -